**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.C.**

**No. 22-770** (Kanawha County 22-JA-123)

**MEMORANDUM DECISION**

Petitioner Mother L.C.[1] appeals the Circuit Court of Kanawha County's September 14, 2022, order terminating her parental rights to M.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2022, the DHHR filed a petition alleging that petitioner abused methamphetamine and alcohol to the point that it impaired her ability to properly parent. During a Child Protective Services ("CPS") investigation, petitioner admitted that she abused methamphetamine and described herself as a "loose cannon." Shortly after this conversation, CPS learned that petitioner had been admitted to Highland Hospital and left the child without a caretaker. At the preliminary hearing on March 31, 2022, the court directed petitioner to participate in adult life skills education, a parental fitness exam, and supervised visits pending clean drug screens. According to the record, the DHHR referred petitioner for the required services on April 12, 2022. The record further shows that petitioner tested positive for amphetamines, methamphetamines, marijuana, and opiates, and further stopped submitting to screens on April 28, 2022.

Petitioner's psychological evaluation report was submitted in May 2022 and included a "poor" prognosis for attaining minimally adequate parenting because of petitioner's "history of polysubstance abuse and dependence, apparent minimization of the same, continued drug use despite involvement with CPS, [and] minimization of the effect that her substance abuse has likely

---

[1]Petitioner appears by counsel Edward L. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Counsel Matthew Smith appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

had on her parenting," among other issues. Later that month, petitioner stipulated to the allegations against her, and the circuit court adjudicated her as an abusing and neglecting parent.

According to a DHHR court summary from June 2022, petitioner had not yet resumed drug screening because she believed she would continue testing positive and "didn't want that to continue showing up." The DHHR made an appointment with petitioner to discuss her services and substance abuse treatment, but petitioner cancelled the appointment. The DHHR additionally called a substance abuse treatment center on petitioner's behalf, "but they would not accept her . . . until she calls." The DHHR attempted to reschedule an appointment with petitioner to call the facility, but petitioner repeatedly cancelled appointments. The DHHR then visited petitioner's home to stress the importance of her submitting to drug screens and undergoing substance abuse treatment, although petitioner later informed the DHHR that she would not be attending inpatient treatment "because she has 'stuff' to do." The DHHR also indicated that petitioner's adult life skills education had not begun "due to lack of communication with the provider." However, once the situation was addressed, petitioner's provider contacted her to set up services but petitioner told the provider that "she did not really want [the provider] to waste [her] time . . . due to [the DHHR] wanting to take her rights away." Petitioner also told the provider that the "case has really been blown out of proportion" and that she "was not going into any type of rehab."

The matter originally came on for a dispositional hearing on July 14, 2022, at which time petitioner admitted that she had used methamphetamine several days prior. However, the court continued the hearing to give petitioner "time to participate in a rehabilitation program." On August 10, 2022, the matter came on for a final dispositional hearing, during which a DHHR worker testified that petitioner left her substance abuse treatment program without completing it. According to the worker, petitioner disapproved of restrictions on pain medication and claimed she was being bullied in the facility. Prior to the hearing, petitioner filed a motion for a post-adjudicatory improvement period, but the court denied the motion and proceeded to disposition. Based on the evidence, the court found that petitioner failed to complete the rehabilitation program, thereby demonstrating that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. The court further found that termination of her parental rights was necessary for the child's best interests. Accordingly, the court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in terminating her parental rights without granting her an improvement period because the DHHR failed to timely implement services. While it is true that some services were delayed, the record shows that petitioner's failure to comply with the services that were offered rendered the delay immaterial. Critically, petitioner's substance abuse was the main condition at issue, and the DHHR attempted to address this from the outset. Despite assistance from the DHHR, petitioner tested positive for multiple drugs throughout the proceedings and refused to screen for long periods. It is uncontroverted that the DHHR sought placement in a rehabilitation program for

---

[3]The father is deceased. The child has subsequently reached the age of majority.

2

petitioner, but petitioner's delays in meeting with the DHHR and refusal to enter inpatient substance abuse treatment rendered the DHHR's assistance ineffective. Although petitioner ultimately entered a program of her own choosing, she almost immediately left the program without completing the same. Simply put, petitioner's arguments concerning the impact of the delay in the implementation of certain services are unavailing and we find no error in the denial of her motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (permitting circuit court to deny improvement period when no improvement is likely).

This same evidence supports the court's termination of parental rights. The circuit court had ample evidence upon which to base the necessary findings, which we refuse to disturb on appeal. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 14, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison